IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DAVID WAYNE WELCHEL,** | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | 5:14-cv-00161-MTT-CHW |
| | : | |
| **CAROLYN W. COLVIN,** | : | SOCIAL SECURITY APPEAL |
| **Acting Commissioner of Social Security** | : | |
| Defendant. | : | |
| _____ | : | |

## REPORT AND RECOMMENDATION

Before the Court is an Application for Attorney's Fees filed by Plaintiff David Wayne Welchel. Doc. 15. Plaintiff seeks recovery of the fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Plaintiff requests an award of $190.30 per hour for 28.20 hours of work in 2014 and 2015, totaling $5366.46. Doc. 15. Plaintiff seeks an additional $400.00 reimbursement for filing fees. For the following reasons, it is **RECOMMENDED** that Plaintiff's motion for attorney's fees (Doc. 15) pursuant to 28 U.S.C. § 2412(d) be **GRANTED**; and that Plaintiff be awarded fees in the amount of $5759.98 and that these fees be paid directly to the Plaintiff.[1]

---

[1] The Commissioner did not oppose the total amount of award requested by Plaintiff. However, the Court must still calculate the hourly rate for attorney's fees performed in each year based on the Consumer Price Index (CPI) hourly rate. The Court's computation is as follows:

[The average CPI for the year in which the work was performed or, if work was performed in the year the Motion is filed, the average CPI for the month in which the work was performed]     X   125 [the applicable statutory cap]
155.7 [March 1996's average CPI, the month that statutory cap changed]

LEGAL STANDARD

The EAJA allows litigants who have prevailed in a civil action against the United States to recover those fees and expenses incurred by that litigant in the action unless the Court finds that the Government's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, attorney fee awards are calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate for the attorney's services. To decide if the claimed number of hours expended is reasonable, the court, with or without the aid of witnesses, may rely upon its own expertise and experience. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). Furthermore, if the number of hours claimed appears excessive or is unsupported by sufficient documentation or testimony, it is within the court's discretion to designate a more appropriate figure. Id.

To determine if the requested hourly rate is reasonable, the court must employ the two-step process set forth by the Eleventh Circuit in Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992). Pursuant to Meyer, the process begins with a determination of the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1033-34 (citations omitted & footnote omitted). If the resulting rate is equal to or less than the statutory maximum of $125 per hour,[2] no further analysis is required. Id. If the market rate is greater than the statutory maximum, however, the court must take into account increases in the cost of living and/or any special factors in deciding whether an upward departure is appropriate. Id.

---

[2] Attorney's fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or special factor…justifies a higher fee." 28 U.S.C. § 2412 (d)(2)(A).

The Eleventh Circuit stated that "Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA awards from inflation" and that "this expectation will not be realized…if district courts, without explanation, refuse to consider increases in the cost of living when calculating EAJA fees." Id. at 1034. Although the Supreme Court has implied that the cost-of-living escalator is "next to automatic," the Eleventh Circuit did not accept that interpretation as part of its holding because "[a]lthough it seems difficult to envision a situation in which the district court would not adjust the cap upward for inflation, such a situation could theoretically exist…." Id. at 1034-45. Rather than deem the adjustment automatic, the Eleventh Circuit requires courts determining attorney's fees "to articulate the decisions it made, give principled reasons for those decision, and show its calculation." Id. at 1035 (quoting Norman, 836 F.2d at 1304).

## DISCUSSION

In this case, there is no dispute that Plaintiff is the prevailing party, that Plaintiff incurred attorney's fees, and that the Commissioner's position was not substantially justified. Accordingly, the only issues to be addressed are the amount of attorney's fees to be awarded and who shall receive the award.

### Hours Reasonably Expended

In her motion, Plaintiff asserts that Attorneys Dominick Bonino and Eddy Pierre spent 28.20 hours litigating this case on Plaintiff's behalf. In support, Plaintiff has submitted a brief as well as Mr. Bonino's affidavit itemizing each of Mr. Bonino and Mr. Pierre's activities. Mr. Bonino's Affidavit states that he worked Plaintiff's case for 2.5 hours in 2014 and Eddy Pierre worked Plaintiff's case for 24.4 hours in 2014 and 1.3 hours in 2015, for a total of 28.20 hours.

The Court finds that the time reportedly expended by Mr. Bonino and Mr. Pierre in litigating this action was reasonable.

### Reasonable Hourly Rate

Plaintiff asserts that the appropriate hourly rate to be used in calculating attorney's fees in this case is $190.30 per hour for 2014 and 2015. After applying the two-step process required under Meyer, the Court finds that Plaintiff is entitled to $5759.98 in attorney's fees.

The first step requires the court to determine the relevant market rate. The Eleventh Circuit stated that:

> The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work…Satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

Norman, 836 F.2d at 1299 (citations omitted). Thus, the affidavits of counsel, alone, are not sufficient, and a plaintiff must provide evidence other than counsel's affidavit to justify the market rate. In this case, the Court is familiar with the market rate for the services of similarly situated attorneys in the industry. Plaintiff provided Mr. Bonino's affidavit as well as citations to other cases and a personal history. Both Mr. Bonino and Mr. Pierre have over a decade of experience litigating Social Security appeals. Although Plaintiff did not cite to this case, the Court specifically recognizes Moses v. Colvin, Case No. 4:12-cv-112-CDL-MSH, a case in which Mr. Bonino was awarded a $183.24 per hour fee in early 2014 as adjusted for inflation and cost of living. Though such a prior fee award is not given controlling weight, "there is some

inferential evidentiary value to the prior award….” Dillard v. City of Greensboro, 213 F.3d 1347, 1355 (11th Cir. 2000). As such, the Court concludes that the market rate for Mr. Bonino and Mr. Pierre's services is approximately $180.00 per hour. Because the market rate for Mr. Bonino and Pierre's services exceeds the current statutory rate with inflation, the Court must proceed to the second step.

Turning to Meyer's second step, the Court finds that it should apply the cost-of-living escalator because the market rate is greater than or equal to the statutory cap with inflation. In Watkins v. Astrue, 2011 WL 4454102 (M.D.Ga. 2011) and Eaton v. Astrue, 2011 WL 3296097 (M.D.Ga. 2011), this Court adopted Judge Clay Land's clarification on the proper way to calculate the amount of inflation when determining EAJA attorney's fees in Hartage v. Astrue, 2011 WL 1123401 (M.D.Ga. 2011). Watkins, 2011 WL 4454102, *2; Eaton, 2011 WL 3296097, *2. In Watkins, the Court reasoned that the reasonable attorney's fees must reflect the year in which the work was performed and that "enhancements to compensate for a delay in payment should be reserved for unusual cases, such as where the delay is unjustifiably caused by the defense." Id. (internal quotations omitted). Because the Court did not find that the case was unusual, it did not apply the enhancement. Therefore, the attorney's fees were calculated based upon the annual average Consumer Price Index for the years in which the work was expended.

Consistent with Watkins, the Court finds that Mr. Bonino and Pierre combined worked 26.90 hours in 2014 at a rate of $190.06/hour and 1.30 hours in 2015 at a rate of $190.28/hour, for a total of $5359.98.[3]   Mr. Bonino and Pierre also expended $400 on various fees.

---

| [3]Year | Rate | Hours | Total |
|---|---|---|---|
| 2014 | $190.06 | 26.90 | **$5112.614** |
| 2015 | $190.28 | 1.3 | **$247.364** |

Fees Awarded to Plaintiff

Finally, the total award of attorney's fees in the amount of $5759.98 should be made payable directly to Plaintiff.  Astrue v. Ratliff, 560 U.S. 586, 589-593 (2010). While Plaintiff requests that attorney's fees be paid directly to Plaintiff's attorneys and their appears to be an assignment in this case, it is not at all clear that such an agreement satisfies the stringent requirements of the Anti-Assignment Act. ("AAA").

The Supreme Court of the United States has recognized that an award of attorney's fees under EAJA is payable to the litigant, and not to his or her attorney. Astrue v. Ratliff, 560 U.S. 586, 589-593 (2010). As a result, an award of attorney's fees under EAJA is subject to offset where the litigant owes a pre-existing debt to the Government. Id. The Supreme Court has also implicitly approved the Commissioner's practice of issuing payments directly to attorneys, but only in cases where the litigant does not owe a debt to the Government and assigns the right to such fees to his attorney. Id. at 595-598.

Attorney's fees awards under EAJA are claims against the United States and, as such, are subject to the AAA. See United States v. Transocean Air Lines, Inc., 386 F.2d 79, 82 (5th Cir. 1967) (finding that a contingent fee agreement regarding a judgment against United States was an assignment subject to the AAA). The AAA imposes stringent requirements on the assignment of a claim against the United States. See 31 U.S.C. § 3727.

An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the

| | | |
|---|---|---|
| **TOTAL:** | 28.20 | $5359.98 |

assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose. 31 U.S.C. § 3727(b). Accordingly, an assignment made prior to the award of attorney's fees necessarily violates these requirements because the claim has not been allowed, the amount of the claim has not been decided, and a warrant for the claim has not been issued.

In this case, any assignment of attorney's fees would almost certainly violate the AAA because the claim for attorney's fees had not yet been allowed, the amount of attorney's fees had not yet been decided, and because a warrant for payment had not yet been issued. As noted above, though, such analysis is unnecessary as Plaintiff did not file an assignment agreement

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's motion for attorney's fees (Doc. 15) pursuant to 28 U.S.C. § 2412(d) be **GRANTED**; and that Plaintiff be awarded fees in the amount of $5759.98 and that these fees be paid directly to the Plaintiff. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the above recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 12th day of February, 2016.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge