IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVID WAYNE WELCHEL, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:14-cv-00161-MTT-CHW |
| NANCY A. BERRYHILL, | : | SOCIAL SECURITY APPEAL |
| Acting Commissioner of Social Security | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Before the Court is an application for attorney's fees filed by Plaintiff David Welchel. Doc. 21. On remand from this Court, Plaintiff was awarded past-due benefits and a sum of $16,272.50 was withheld from Plaintiff's past-due benefits to pay his representative. Doc. 21-3, p. 14-15. Plaintiff's counsel now seeks to recover $11,470.00 for counsel's 28.2 hours worked in this action. Doc. 21-2, pp. 1-4; Doc. 21-3, p. 11. For the following reasons, it is **RECOMMENDED** that Plaintiff's Motion for Attorney's Fees (Doc. 21) be **GRANTED**. Counsel should also be **DIRECTED** to return the previously awarded Equal Access to Justice Acts ("EAJA") fees, an amount of $5,359.98, directly to Plaintiff.

## LEGAL STANDARD

EAJA fees may be awarded to a prevailing party in a civil suit brought against the United States unless the government's position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In Social Security cases, prevailing parties may also be awarded attorney's fees as part of the judgment, not in excess of "[twenty-five percent] of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A); *Hosley v. Colvin*, No. 5:09-CV-379 (MTT), 2016 WL

1

7394532, at *1 (M.D. Ga. Dec. 21, 2016). Attorney's fees pursuant to § 406(b) may be awarded "where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). A plaintiff may obtain an EAJA fee award prior to knowing whether a § 406(b) attorney's fee will be awarded as part of a past-due benefits recovery. *Hosley*, 2016 WL 7394532, at *2.

A plaintiff may recover both EAJA fees and § 406(b) attorney's fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Hosley*, 2016 WL 7394532, at *2. Where a plaintiff's counsel recovers both fees, counsel must return the smaller fee to the plaintiff. *Gisbrecht*, 535 U.S. at 796. Counsel also has the option to move the court to reduce the recovered § 406(b) attorney's fee by the amount already awarded to counsel through the EAJA fee award. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

A contingent-fee agreement between an attorney and a Social Security plaintiff is not displaced by § 406(b); "[r]ather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. Before granting a contingent fee, a court must determine the "reasonableness of the fee requested" and may request counsel to submit "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. Courts may also review the character of the representation and the results achieved. *Id.*; *Garland v. Colvin*, No. 5:12-CV-509 (MTT), 2016 WL 1181699, at *2 (M.D. Ga. Mar. 25, 2016).

## DISCUSSION

On August 19, 2015, this Court entered judgment for Plaintiff with instructions to remand for further proceedings. Doc. 13. Plaintiff was awarded EAJA fees, totaling $5,759.98, for counsel's work. Doc. 18. On remand from this Court, Plaintiff's application was granted and $16,272.50 was withheld from Plaintiff's past-due benefits for the possible payment of Plaintiff's attorney's fees. Doc. 21-3, pp. 14-15. Counsel now requests a sum of $11,470.00. Doc. 21-4, p. 3.

Counsel's request for attorney's fees is reasonable. Counsel presented an affidavit to the Court stating he recorded 28.2 hours in rendering services for this case. Doc. 21-2, pp. 1-5. Counsel Pierre Pierre states he graduated from Nova Southeastern University School of Law in 1996 and that he has been practicing Social Security Disability law since then. *Id.* at 3-4. Mr. Pierre Pierre expended 2.5 hours on Plaintiff's case. Counsel Dominick Bonino graduated from Thurgood Marshall School of Law at Texas Southern University in 1997. Mr. Bonino was admitted to the Georgia bar in 2007 and has been practicing Social Security Disability law since 2001. *Id.* at 4. Because Plaintiff's claim for benefits was initially denied, it is unlikely Plaintiff would have recovered the past-due benefits without the attorney's efforts in this Court. Additionally, there is no evidence counsel was responsible for any undue delay in advocating for Plaintiff's benefits.

The attorney's fee counsel requests is reasonable and represents a fee that is less than twenty-five percent of the money withheld to pay for attorney's fees. On November 6, 2016, Plaintiff was informed that $16,272.50 was withheld from the previously awarded past-due benefits in order to pay for the possible payment of Plaintiff's attorney's fees. Doc. 21-3, pp. 14-

15. A prior fee agreement between Plaintiff and counsel was approved, and $6,000 was removed from the money withheld, leaving $10,272.50 for attorney's fees. *Id.*

The approval of this original fee agreement of $6,000, however, was vacated by order of the Regional Chief Administrative Law Judge on October 14, 2016. Doc. 24-1, p. 3. Following this action, Counsel Christina Carrano was authorized to charge and collect $2,851.50 and Counsel Stacey DeVeaux was authorized to charge and collect $1,950 for services provided to Plaintiff. Doc. 24-1, pp. 6-8. The total fee collected by counsel for these initial services now totaled $4,801.50 instead of the previous vacated fee of $6,000.[1]

With $16,272.50 being the total amount withheld from past due benefits awarded to Plaintiff, and $4,801.50 being ordered recoverable to other counsel through a previous fee agreement, $11,471 is remaining to be awarded to the current counsel. As they have requested $11,470, this fee would not result in an unreasonable windfall for counsel. Accordingly, it is **RECOMMENDED** that the requested fee of $11,470 be **GRANTED.** Counsel should be **DIRECTED** to refund the previously collected EAJA fees, an amount of $5,359.98, directly to Plaintiff.

Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal

---

[1] Plaintiff's counsel explains that the Regional Chief ALJ's order to vacate the previous fee agreement for $6,000, ordered on October 14, 2016, failed to reach the Office of Central Operations in time to be included in the November 6, 2016, Notice of Award. Doc. 24, pp. 2-3.

4

conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED**, this 20th day of April, 2017.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge